UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASWAD BILLUPS,

Plaintiff(s),

-against-

METRO MANAGEMENT & DEVELOPMENT, INC.; RIVERBEND HOUSING COMPANY, INC.; DAVID BARON; YESENIA MATAMOROS,

Defendants.

26-CV-9267 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws, alleging that his employer discriminated against him based on his race, sex, and religion. By order dated October 26, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should

request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Metro Management & Development, Inc.; Riverbend Housing Company, Inc.; David Braon; and Yesenia Matamoros through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for each defendant, complete the USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: November 2, 2026
New York, New York

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Metro Management & Development, Inc.
   c/o AKAM, Attn: Stephanie Tanzi Barry
   99 Park Avenue, 14th Floor
   New York, NY 10016

2. Riverbend Housing Company, Inc.
   c/o AKAM, Attn: Stephanie Tanzi Barry
   99 Park Avenue, 14th Floor
   New York, NY 10016

3. David Baron
   Metro Management & Development, Inc.
   c/o AKAM, Attn: Stephanie Tanzi Barry
   99 Park Avenue, 14th Floor
   New York, NY 10016

4. Yesenia Matamoros
   Metro Management & Development, Inc.
   c/o AKAM, Attn: Stephanie Tanzi Barry
   99 Park Avenue, 14th Floor
   New York, NY 10016